## LIABILITY OF DIFFERENT SETS OF SURETIES.

Court of Appeals for Wood County.

A. J. STEELE v. D. J. GONYER ET AL.

Decided, May 8, 1913.

*Sureties—Guaranties to Bank for Payment of Loans—Action to Enforce Contribution from Sureties.*

1. An action against co-sureties for contribution is not one in which there is a right to trial by jury and is therefore appealable.

2. Where a guaranty is executed in favor of a bank to protect it in the making of certain loans, and subsequently a second guaranty is executed, and thereafter one who had signed both guaranties is compelled to make the loans good, and brings an action to enforce contribution from his co-sureties, the second guaranty will not be regarded as a novation, but recovery may be had from the signers of the first guaranty on the basis of the amount due to the bank at the time of its acceptance of the second, and from the signers of the second guaranty for indebtedness contracted after its execution and acceptance by the bank.

*Geo. H. Phelps,* for plaintiff.
*B. F. James* and *McClelland & Bowman,* contra.

RICHARDS, J.; KINKADE, J., and CHITTENDEN, J., concur.

Appeal from Court of Common Pleas of Wood County, Ohio.

This action is being prosecuted for the purpose of enforcing contribution from co-sureties upon a certain bond executed by plaintiff and defendants to the First National Bank of Bowling Green.

A motion was made and submitted to dismiss the appeal, but we are of the opinion that under the authority of *McCrory v. Park,* 18 O. S., 1, the case is appealable.

It appears from the evidence in the case that the plaintiff and the defendants were stockholders in a certain corporation, known as the Oil Well Salvage Company, with its principal place of business in the city of Bowling Green, and that said company desiring to obtain a line of credit at the First National Bank,

it was agreed by the parties to this action that they would execute to the bank a written guaranty to protect the bank upon loans which should be made by it to the salvage company, and that thereupon it executed on July 3d, 1905, a bond to said bank to secure such loans, not exceeding the sum of ten thousand dollars at any one time. This bond was signed by all of the parties to this action, and under and pursuant to its terms sundry sums of money were advanced at various times by the bank to the salvage company. During the existence of this bond a new cashier was chosen for the bank, and shortly after his induction into office he deemed it advisable to obtain a new bond of indemnity for loans made to the salvage company, and accordingly he requested the attorney for that company, who was also one of the signers of the bond of indemnity, to have a new indemnity bond executed to the bank. The matter was taken up with the salvage company and at a meeting of its directors held on September 5th, 1906, it was determined that they should execute a new bond as requested by the cashier of the bank, which was accordingly done. A new bond in form precisely the same as the first bond was signed by the same persons, with the exception of the defendant, E. P. Bourquin, whose name was not attached thereto.

At the time this bond was executed the bank held the obligations of the salvage company in the amount of about six thousand five hundred dollars, and after the new bond was executed it advanced an additional amount in the sum of about twenty-five hundred dollars. On April 16th, 1908, the total indebtedness due from the salvage company to the First National Bank then remaining unpaid was the sum of $7,891.18, and on that date the plaintiff paid to the bank of his own funds the sum of $5,000 and the defendant H. J. Rudolph paid the sum of $2,891.-18. Subsequently to this date the bank delivered to the plaintiff both guaranties and the obligations representing the indebtedness from the salvage company to it, and it is now sought by the plaintiff to enforce contribution among the several signers of the guaranties.

It is contended by counsel for Bourquin, that the new guaranty amounted to a novation or a substitution, and that it is the

only guaranty in force and that therefore Bourquin is not liable to contribute in any amount.

On the other hand it is contended by plaintiff that the liability arises and exists entirely under the first guaranty, and that Bourquin is consequently bound to contribute his *pro rata* share of the entire indebtedness.

The record does not disclose why Bourquin failed to sign the new guaranty, but it does appear that the remaining signers were willing to execute the new guaranty without his signature, and that the bank through its cashier was willing to and did accept of this guaranty.

Under these circumstances as disclosed by the evidence we think that the plaintiff has the right to enforce contribution, and that the signers of the first guaranty are liable for the indebtedness existing at the date of the second guaranty, and the signers of the second guaranty are liable for the indebtedness contracted after its execution and acceptance by the bank. This holds Bourquin for contribution as to all indebtedness unpaid at the time of the execution of the second guaranty, but for no indebtedness thereafter contracted.

The principal seems to be in accordance with the rule announced in *Corrigan* v. *Foster, Admr.,* 51 O. S., 225, and *Buffington* v. *Bronson,* 61 O. S., 231.

A decree may be drawn enforcing contribution in accordance with the views expressed in this opinion, excluding however from consideration D. J. Gonyer, who has at all times been beyond the jurisdiction of the court since the commencment of this action, and excluding also Edward Beverstock, who is insolvent; and it appearing to the court that uncertainty exists as to the financial responsibility of one or more of the other defendants, it is ordered that this cause be remanded to the court of common pleas to carry the decree into effect, and that jurisdiction be retained by said court for the purpose of making any further order that may be necessary.

It appears that no notice or demand was made on the defendant Bourquin, and he is not therefore liable for costs in the action. See *Nelson & Churchill* v. *Fry,* 16 O S., 552.